UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON EDWARDS,<br><br>                Plaintiff,<br><br>        v.<br><br>DR. KALEKA, et al.,<br><br>                Defendants. | No.  1:25-cv-00120-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 35) |

Plaintiff is proceeding in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed March 13, 2026.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In his motion, Plaintiff states that he has limited access to his legal materials, the law library, and he suffers from a medical disability under the Americans with Disabilities Act. (ECF No. 35.) The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners suffering from medical disabilities and have limited access to legal materials and the law library, who must also litigate their cases without the assistance of counsel. Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Indeed, on February 17, 2026, Plaintiff filed objections (with attached exhibits) to the pending Findings and Recommendations relating to Defendants' motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 30.) Lastly, at this early stage of the proceedings, the Court cannot determine whether Plaintiff is likely to proceed on the merits of his case. Accordingly, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 16, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2