**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARLON EDWARDS, | No. 1:25-cv-00120 KES SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES, AND DIRECTING THE CLERK OF COURT TO UPDATE DOCKET |
| v. | |
| DR. KALEKA, et al., | |
| Defendants. | |
| | Docs. 27, 29 |

Marlon Edwards asserts defendants Kaleka, Odeluga, and Shitu—each of whom are physicians at North Kern State Prison ("NKSP")—violated his civil rights under the Eight Amendment though exhibiting deliberate indifference to a serious medical condition. *See* Doc. 8. Defendants Kaleka and Shittu seek summary judgment on the claims raised against them, asserting Edwards failed to exhaust his administrative remedies against them. Doc. 27 at 1. Edwards did not oppose the motion. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge found it was "undisputed that an administrative grievance process was available" at NKSP, and that Edwards "used it by submitting a grievance dated June 22, 2022." Doc. 29 at 7. The magistrate judge found that in the relevant grievance, No. NKSP HC 22000950, "the sole issue raised . . . involved Dr. Odeluga's direction to custody staff to confiscate Plaintiff's medical supplies." *Id.* at 8. The magistrate judge found that defendants

1

Shittu and Kaleka were not named in the initial grievance, and that there was no information to put the prison or the doctors on notice of any allegation as to Shittu or Kaleka. *Id.* at 8-9. The magistrate judge found that while Edwards attached an exhibit to his amended complaint that purported to indicate he submitted a grievance against Kaleka, this exhibit was unsigned and undated, and lacked any "indicia the attachment was ever properly submitted or processed by the prison." *Id.* at 9. The magistrate judge determined "this attachment does not create a genuine issue of material fact." *Id.* The magistrate judge concluded that Edwards failed to exhaust his administrative remedies against defendants Shittu and Kaleka and recommended that the defendants' motion be granted. *Id.* at 10.

On January 29, 2026, the Court served the findings and recommendations on the parties and informed them any objections were due within 14 days. Doc. 29 at 10. Edwards filed objections on February 17, 2026, to which Defendants filed a response on February 24, 2026. Docs. 30, 31. Edwards then filed an additional response on March 27, 2026. Doc. 37.

In accordance with 28 U.S.C. § 636(b)(1), the court conducted a de novo review of this matter. After carefully reviewing the matter, including the objections and responses, the Court concludes the findings and recommendations are supported by the record and proper analysis. To exhaust administrative remedies, an initial grievance must provide sufficient information to identify specific staff—whether by name or other information—and provide notice of the nature of the wrong alleged by that prison staff member. *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016); *see also Jones v. Bock,* 549 U.S. 199, 219 (2007). The uncontroverted evidence shows that Edwards did not name, or otherwise identify, Dr. Shittu or Dr. Kaleka in the grievance he submitted. *See* Doc. 27-3 at 10. Having failed to do so, Edwards did not exhaust his administrative remedies against the two physicians.

The Court **ORDERS**:

1.    The findings and recommendations issued January 29, 2026 (Doc. 29) are **ADOPTED** in full.

2.    Defendants' motion for partial summary judgment for failure to exhaust the administrative remedies (Doc. 27) is **GRANTED**.

3.    The claims against defendants Kaleka and Shittu are **DISMISSED** without prejudice.

4.    The Clerk of Court is directed to update the docket and terminate Kaleka and Shittu as defendants.

5.    The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    March 29, 2026

UNITED STATES DISTRICT JUDGE

3